**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1416-18T3

GRACE S. WONG,

    Plaintiff-Appellant,

v.

ROBERT G. SCHROEDER,
and ROBERT J. MANCINELLI,

    Defendants-Respondents,

and

100 WEST STREET, LLC, and
ALL POINTS INTERNATIONAL
DISTRIBUTORS, INC.,

    Defendants.

_____

Submitted October 8, 2019 – Decided October 30, 2019

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5669-18.

Grace S. Wong, appellant pro se.

Meyerson Fox Mancinelli & Conte, PA, attorneys for respondents (John A. Conte, Jr., on the brief).

PER CURIAM

Plaintiff Grace S. Wong appeals from a Law Division order, dismissing her complaint with prejudice and denying her motion for reconsideration. We reverse and remand.

The limited record on appeal discloses the following minimal facts and procedural history. Plaintiff made two short-term loans: a $350,000 loan to 100 West Street, LLC (100 West); and a $300,000 loan to All Points International Distributors, Inc. (All Points). Both loans were due within ninety days of execution of the promissory notes in February 2010.

More than two years beyond the six-year statute of limitations[1] for the notes, plaintiff filed a pro se complaint in April 2018. The complaint sought $650,000 in damages for the unpaid loans from defendants Robert G. Schroeder, "his companies," 100 West and All Points, and Schroeder's attorney, Robert J. Mancinelli. A generous reading of the complaint could be construed as alleging fraud in the inducement, which plaintiff claims she only discovered in 2013.

---

[1] See N.J.S.A. 2A:14-1.

Apparently, in lieu of answering, defendants Schroeder and Mancinelli moved to dismiss the complaint with prejudice as time-barred pursuant to <u>Rule</u> 4:6-2(e) (providing as a defense to a claim for relief, "failure to state a claim upon which relief can be granted").[2] Plaintiff did not oppose the motion. The judge signed defendants' form of order, which dismissed the complaint with prejudice.

Sometime thereafter, plaintiff moved "to alter or amend" the judge's dismissal order. Recognizing plaintiff filed the motion pro se, the judge astutely converted plaintiff's application to a motion for reconsideration under <u>Rule</u> 4:49-2. The judge denied the opposed motion on the papers.

In a rider accompanying the order, the motion judge noted plaintiff did not advance any argument for her failure to oppose defendants' motion. Accordingly, the judge found plaintiff's reconsideration motion "arguably [was] bar[red] . . . as matter of law."

The judge nonetheless addressed the merits of plaintiff's contentions:

> [Plaintiff claims] . . . she came to learn about the breach of contract on May 30, 2013 pursuant to an email from Robert Mancinelli. Plaintiff suggests that

---

[2] It is unclear from the record whether 100 West and All Points filed an answer or otherwise entered an appearance in the Law Division; they are not parties to this appeal.

> Mr. Mancinelli was responsible to tell her that payments were not made. This court rejects plaintiff's argument that reconsideration is required because she claims that the breach of contract occurred on the date of her alleged discovery on May 30, 2013. This court also rejects plaintiff's equitable argument that the statute of limitations should run from when she discovered that the promissory notes were not repaid. Ms. Wong was aware on April 12, 2010 and April 27, 2010 [when the loans became due] that payments were not made pursuant to the loan agreements.

Although the judge recognized "a motion to dismiss under R[ule] 4:6-2(e) should ordinarily be granted without prejudice[,]" she concluded dismissal with prejudice was warranted because it was premised on statute of limitations grounds. According to the judge, "[p]laintiff cannot amend her complaint to survive a motion to dismiss because the underlying action will always be untimely." This appeal followed.

On appeal, plaintiff challenges the judge's rulings on both motions. Plaintiff renews her argument that the statute of limitations did not begin to run until she received Mancinelli's May 30, 2013 email and, as such, her August 2018 complaint was timely filed. Plaintiff further contends the motion judge "failed to search the [c]omplaint in depth and with liberality" and failed to afford her "an opportunity to amend, if necessary." Defendants counter that plaintiff's

cause of action for fraud accrued "when the loans matured and [p]laintiff was not repaid under the contracts."

We review motions to dismiss de novo. Castello v. Wohler, 446 N.J. Super. 1, 14 (App. Div. 2016). "Ordinarily a dismissal for failure to state a claim is without prejudice." Pressler & Verniero, Current N.J. Court Rules, cmt. 4.1.1 on R. 4:6-2(e) (2019). A motion to dismiss a complaint for failure to state a cause of action must be denied if, affording plaintiffs the benefit of all allegations and all favorable inferences, a cause of action has been set forth. R. 4:6-2(e); see Tisby v. Camden Cty. Corr. Facility, 448 N.J. Super. 241, 247 (App. Div. 2017). "Rule 4:6-2(e) motions to dismiss should be granted in 'only the rarest [of] instances.'" Banco Popular N. Am. v. Gandi, 184 N.J. 161, 165 (2005) (alteration in original) (quoting Lieberman v. Port Auth. of N.Y. & N.J., 132 N.J. 76, 79 (1993)).

"[O]ur inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). We search the complaint "in depth and with liberality" to determine whether the basis for a cause of action may be found even in an obscure statement of a claim; and opportunity should be given to amend if necessary. Ibid. "Dismissal is appropriate only if the complaint states

no basis for relief and discovery would not provide one." J-M Mfg. Co. v. Phillips & Cohen, LLP, 443 N.J. Super. 447, 453 (App. Div. 2015) (internal quotation marks omitted).

Plaintiff contends the motion judge should have applied the discovery rule to toll the statute of limitations. Plaintiff claims – at least with regard to the All Points loan – she discovered the alleged fraud in May 2013 when Mancinelli informed her he had no record of payment for the government contracts, which secured the All Points loan.

Pursuant to the discovery rule, "a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." Lopez v. Swyer, 62 N.J. 267, 272 (1973). "Because the discovery rule imposes on plaintiffs an affirmative duty to use reasonable diligence to investigate a potential cause of action, and thus bars from recovery plaintiffs who had 'reason to know' of their injuries, the discovery rule generally does not apply to contract actions." County of Morris v. Fauver, 153 N.J. 80, 110 (1988) (citation omitted).

Although plaintiff's complaint is premised on Schroeder's breach of contract for failing to pay the notes when they became due, it alleged fraudulent

misrepresentations, to which the discovery rule could apply. Of course, the likelihood of establishing equitable tolling based on plaintiff's inquiry made three years after the notes became due might be remote. See, e.g., O'Keeffe v. Snyder, 83 N.J. 478, 499 (1980) (recognizing "due diligence will vary with the facts of each case").

Remoteness notwithstanding, extending to plaintiff the benefit of all favorable inferences from the allegations set forth in her complaint, as we must, see Smerling v. Harrah's Entertainment, Inc., 389 N.J. Super. 181, 186 (App. Div. 2006), we conclude the order dismissing plaintiff's complaint with prejudice was improvidently entered. Plaintiff should be permitted to amend her complaint and seek application of the discovery rule. We therefore vacate the orders under review, and remand the matter for the trial court to enter an order dismissing plaintiff's complaint without prejudice.[3]

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] We hasten to make clear we are not determining the credibility of plaintiff's allegations or that defendants acted fraudulently or harmed plaintiff in any way.

A-1416-18T3